PHILLIP A. TALBERT
Acting United States Attorney
MICHAEL W. REDDING
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-00127-TLN |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| WILLIAM MICHAEL NITSCHKE, | |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. This case was last set for status of counsel on February 25, 2021.

2. On that date, the parties appeared before the District Court. Due to the ongoing COVID-19 pandemic, all parties, including Mr. Nitschke, appeared via videoconference. Outside the presence of the prosecutor, the Court held an *in camera* hearing with Mr. Nitschke and his counsel regarding the status of counsel.

3. After the *in camera* hearing, the Court ruled that Mr. Hanson would remain counsel for Mr. Nitschke. The Court then set the matter for March 11, 2021, for further status of counsel. No time exclusion was requested or found on the record before court adjourned. The parties attempted to bring Mr. Nitschke back into the courtroom to resume the matter and agree to a time exclusion. However, the

Court staff was not able to reach the necessary parties at the jail and Mr. Nitschke could not be returned to appear before the Court via videoconference.

4. Notwithstanding this omission, the parties do believe there is and was on February 25, 2021, good cause to exclude time under Local Code T4.  This information was known to the parties and the Court on February 25, 2021.

5. By this stipulation, the parties now move to exclude time between February 25, 2021, and March 11, 2021, under Local Code T4.

6. The parties agree and stipulate, and request that the Court find the following:

   a) Counsel for the defendant substituted in as counsel within the past few months. Discovery associated with this case includes approximately 50 pages of reports and several audio/video recordings. Defense counsel has received this discovery is in the process of reviewing discovery and performing investigation.  In particular, the defendant received a pre-plea report on his criminal history from the probation department.  The defendant has expressed disagreement with this report and his resulting criminal history points under the Sentencing Guidelines.  The defendant and defense counsel are performing investigation in an attempt to resolve these disputes and discrepancies with probation and the government.

   b) Counsel for the defendant desired and desiress additional time to obtain and review initial discovery, obtain records of prior arrests and convictions, review the defendant's criminal history, prepare relevant motions, discuss trial strategies, prepare possible defenses, and otherwise prepare for trial.

   c) Counsel for the defendant believed on February 25, 2021 and continues to believe that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government did not and does not object to the continuance.

   e) Based on the above-stated findings, known to the Court at the time it granted the continuance, the ends of justice served by continuing the case as requested outweighed and outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 25, 2021 to March 11, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

7. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: March 1, 2021

McGREGOR W. SCOTT
United States Attorney

/s/ MICHAEL W. REDDING
MICHAEL W. REDDING
Assistant United States Attorney

Dated: March 1, 2021

/s/ Michael E. Hansen
Michael E. Hansen
Counsel for Defendant
William Michael Nitschke

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 2nd day of March, 2021.

Troy L. Nunley
United States District Judge